UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TRINA MARIE YOUNG, et al.                                                    PLAINTIFFS

v.                                       No. 2:18-CV-02055

CRAIG ANTHONY HOLLOMAN, et al.                                          DEFENDANTS

# ORDER

Before the Court is the Defendants' unopposed motion for entry of a protective order. (Doc. 47). The parties seek entry of an order protecting personnel files, trade secrets and other confidential commercial information, and protected health information. The parties have provided the Court with a proposed protective order. For the reasons set forth below, the Court will GRANT the motion.

Federal Rule of Civil Procedure 26(c)(1)(G) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specified way." "The burden is therefore upon the movant to show the necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (citing Wright & Miller, *Federal Practice and Procedure: Civil* § 2035 at 264-65).

The Defendants have shown good cause for the entry of a protective order as to documents containing trade secrets or other confidential commercial information. Trade secrets and confidential commercial information fall squarely within the ambit of Rule 26(c). "Where discovery of confidential commercial information is involved, the court must 'balance the risk

1

of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims.'" *Bussing v. COR Clearing, LLC*, 2015 WL 4077993, at *2 (D. Neb. July 6, 2015) (quoting *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007)). Here, entry of a protective order will neither impair prosecution nor the defense of the claims as the parties are in agreement as to the proposed protective order. The Court finds that good cause has been shown for the entry of a protective order regarding documents containing trade secrets or other confidential commercial information.

Further, the Defendants have shown good cause for the entry of a protective order for personnel files. Individuals have "a heightened privacy interest in [their] personnel files." *Kampfe v. Petsmart, Inc.*, 304 F.R.D. 554, 559 (N.D. Iowa 2015). Further, "[t]here is a strong public policy against the public disclosure of personnel files, but discovery of personnel files is permitted when there is a protective order or confidentiality order in place." *Nuckles v. Wal-Mart Stores, Inc.*, 2007 WL 1381651, at *1 (E.D. Ark. May 10, 2007); *see also Williams v. Bd. of Cnty. Comm'rs*, 2000 WL 133433 at *1 (D. Kan. Jan. 21, 2000) (holding that "personnel files and records are confidential in nature and that, in most circumstances, they should be protected from wide dissemination").

The Defendants have also shown good cause for the entry of a protective order as to protected health information. Federal law generally prohibits the disclosure of the protected health information of third parties, but the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104–191, 110 Stat.1936 (also known as "HIPPA") allows disclosure of this information for purposes of litigation where a protective order is in place. *See* 45 C.F.R. § 164.512(e)(v)(A).

Given the heightened privacy interest in the information to be protected and the public policy against public disclosure of that information, the Court finds that the Defendants have

shown sufficient good cause to have documents containing personnel files, trade secrets or other confidential commercial information, and protected health information subject to a protective order. The Court will separately enter a revised protective order.

IT IS THEREFORE ORDERED that the Defendants' unopposed motion (Doc. 47) for entry of a protective order is GRANTED.

IT IS SO ORDERED this 31st day of January, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE