UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TRINA MARIE YOUNG, et al.                                                                    PLAINTIFFS

v.                                    No. 2:18-CV-02055

CRAIG ANTHONY HOLLOMAN, et al.                                                        DEFENDANTS

## ORDER

Before the Court are Separate Defendant Ryder Truck Rental, Inc.'s ("RTR") motion to dismiss (Doc. 76) for lack of jurisdiction and brief in support of its motion. No response has been filed but no response is necessary. RTR argues that Plaintiffs' Third Amended Complaint should be dismissed because Plaintiffs have failed to follow a previous order of this Court to properly plead a defendant's citizenship. The motion will be DENIED.

Plaintiffs' Third Amended Complaint alleges that H&P Leasing, Inc. ("H&P") "is a Mississippi corporation, and can be served with process at its Registered Agent['s]" address. (Doc. 73, p. 3, ¶ 10). RTR is correct that the Court has already ordered Plaintiffs to cure identical jurisdictional deficiencies. On July 2, 2018, the Court reminded Plaintiffs that they "must also allege [a corporation's] principal place of business to demonstrate this Court has original jurisdiction under 28 U.S.C. § 1332(a)." (Doc. 19, p. 2). Though the Court is satisfied with the allegations as they relate to RTR—the subject of the Court's July 2 order—Plaintiffs must supplement the jurisdictional allegations against H&P.[1] There is little doubt that the present

---

[1] The Court has construed RTR's motion only as a challenge to the sufficiency of jurisdictional allegations against it, not as a challenge to the legitimacy of those allegations. To the extent RTR seeks to challenge the allegations of citizenship made against it, it may file a motion to dismiss. *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004) ("Any party or the court may, at any time, raise the issue of subject matter jurisdiction.").

1

jurisdictional deficiencies are inexcusable, especially given that Plaintiffs added H&P as a named defendant after the Court entered its earlier order. In light of the age of this case, however, and the Court's preference for resolution on the merits (if the court has jurisdiction to reach those merits), Plaintiffs will be permitted an opportunity to amend.

**The Court directs Plaintiffs to file a Fourth Amended Complaint by Friday, August 30, 2019**, with allegations sufficient to determine whether this Court has subject matter jurisdiction. Answers are due 7 days after the amended complaint is filed. The scheduling order will not be amended. Failure to comply with this order will result in dismissal of this action for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 76) to dismiss is DENIED.

IT IS SO ORDERED this 26th day of August, 2019.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
U.S. DISTRICT JUDGE