UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TRINA MARIE YOUNG, et al.                                                                                    PLAINTIFFS

v.                                            No. 2:18-CV-02055

CRAIG ANTHONY HOLLOMAN, et al.                                                                    DEFENDANTS

## OPINION AND ORDER

Before the Court is a motion (Doc. 91) to set aside the Clerk's entry of default of H&P Leasing, Inc. ("H&P") and a brief (Doc. 92) in support of the motion. No response has been filed but no response is necessary. The motion will be granted.

Plaintiffs initiated this action on March 16, 2018 against three defendants. At multiple times during discovery, Plaintiffs identified other parties they allege may have liability in this action. As a result, Plaintiffs have amended their complaint four times—the last to cure a jurisdictional deficiency identical to one that the Court previously ordered to be corrected. Plaintiffs served H&P with the second amended complaint on April 1, 2019. H&P failed to appear, answer, or otherwise respond, and the Clerk entered H&P's default on May 30, 2019. (Doc. 68). H&P filed an answer to Plaintiffs' fourth amended complaint and now moves to set aside its default, arguing that its earlier default is mooted by the filing of an amended complaint, or in the alternative, that good cause exists to set aside its default.

With respect to H&P's argument that its default is moot, because H&P was properly served with the second amended complaint and had not appeared by the deadline to do so, the fourth amended complaint was not required to be served upon them. *See* Fed. R. Civ. P. 5(a)(2). It makes little sense that an entry of default be moot as a matter of law when a plaintiff need not re-serve a defaulting defendant. Such a rule would run counter to the Rule 5. Moreover, though the Court

1

denied default judgment with respect to H&P, the Clerk properly entered H&P's default for its failure to timely appear.  Procedurally speaking, the law is clear that H&P remains in default even though Plaintiff filed two additional amended complaints.

However, the entry of default may be set aside for good cause.  Fed. R. Civ. P. 55(c).  This stems from a strong preference for adjudication on the merits and an interest in preserving the "fundamental fairness of the adjudicatory process."  *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993).  "When examining whether good cause exists, the district court should weigh whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused."  *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008) (internal quotation omitted).  Plaintiffs will not be prejudiced if the default is set aside as Plaintiffs themselves have amended their complaint four times—the last amendment as recently as one month ago.  H&P's defense appears not only meritorious, but compelling.  Finally, though H&P is responsible for its own lack of diligence, its culpability in this case does not overcome the Court's strong preference for adjudication on the merits.  The Court finds this good cause to set aside the default of H&P.

IT IS THEREFORE ORDERED that Defendant H&P Leasing Inc.'s motion to set aside the entry of default (Doc. 91) is GRANTED, and the Clerk's entry of default (Doc. 68) is SET ASIDE.

IT IS SO ORDERED this 30th day of September, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE